IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                            OPINION AND ORDER

            Plaintiff,

                                                            07-cr-33-bbc
                                                               10-cv-570-bbc

      V.

JEROME G. HUGHES,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Jerome G. Hughes has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that he received constitutionally ineffective assistance of counsel during the plea bargaining process and at sentencing. He argues also that he is entitled to be resentenced under the Fair Sentencing Act of 2010. From my review of the record and defendant' motion, I conclude that defendant has no viable challenge to the effectiveness of his representation. He is not eligible for resentencing because the Fair Sentencing Act has not been held to be retroactive to offenses committed before August 3, 2010. Defendant's motion will be denied without requiring the government to respond.

1

BACKGROUND

On three occasions in 2007, a grand jury in this district returned indictments against defendant. The third, the second superseding indictment, returned in July 2007, became the operative pleading. In count one, it charged defendant and others with one count of conspiracy to deliver fifty grams or more of crack cocaine. In counts two to four, it charged defendant with distribution of various amounts of crack cocaine and in count five, it charged defendant with knowingly and intentionally threatening to injure another person with intent to retaliate against that person for providing information to a law enforcement officer relating to the commission of a federal offense, namely the conspiracy to distribute crack cocaine nd the distribution of crack cocaine. In addition, the government filed an § 851 information against defendant, giving notice of enhanced penalties based on defendant's prior felony conviction in Rock County, Wisconsin.

Defendant entered into a plea agreement under which he agreed to plead guilty to one count of the second superseding indictment (distribution of five grams or more of crack cocaine. He agreed that the drug involved in his case was the crack form of cocaine. In addition, he agreed to forfeit two vehicles and to give the government a truthful statement of his and others' involvement in the offense. The government agreed to file an appropriate motion for a reduction in his sentence (under U.S.S.G. § 5k1.1 or Fed. R. Crim. P. 35(b)) if he provided substantial assistance. Defendant pleaded guilty before the Hon. John C.

2

Shabaz and was sentenced by him on November 7, 2007. The probation office determined that defendant had an offense level of 42 and a criminal history score of 35 and that he was a career offender because he had two qualifying prior felony convictions, one for a controlled substance offense and one for a violent felony. Judge Shabaz sentenced him to life imprisonment.

Defendant appealed from his sentence; the court of appeals found that Judge Shabaz had miscalculated the sentencing guidelines and returned the case for resentencing, which took place on February 24, 2009. Defendant appealed again, but the new sentence was upheld by the Court of Appeals for the Seventh Circuit on September 28, 2009. Defendant filed this motion on September 30, 2010.

OPINION

In support of his contention that he was denied the effective assistance of counsel, defendant says only that he entered into the plea agreement on the advice of his counsel and that the agreement provided no benefit to him. He says that

> [a]t a bare minimum, counsel could have secured an agreement from prosecutors to establish a maximum sentence by reducing the charge to an offense which carried a maximum sentence of, for example, twenty years. This would have eliminated any possibility for the district court to impose a life sentence, or a sentence exceeding the parties expectations, which occurred at the initial sentencing hearing when the appeals court remanded with instructions to resentence . . . .

3

Mot., dkt. #179, at 5. He adds that counsel provided him ineffective assistance at the resentencing hearing on February 24, 2009, by permitting prosecutors to focus on his prior acts, which were irrelevant because they had been taken into consideration in calculating his criminal history score. In his view, the plea agreement should have included a provision prohibiting the government from referring to defendant's criminal history or the nature and circumstances of the current charge.

Finally, defendant contends that his counsel was ineffective because he did not object to the district court's employment of the 100 to one ratio for crack cocaine offenses. Defendant acknowledges that he was sentenced before the Supreme Court decided United States v. Kimbrough, 532 U.S. 85 (2007), but argues that counsel should have anticipated the decision.

Defendant has not explained how his counsel could have negotiated a more favorable plea agreement. Given defendant's criminal history, his status as a career offender, his prior acts of violence and the evidence against him, which consisted of a number of hand-to-hand buys by confidential informants, wiretaps, searches of defendant's car and residence that produced incriminating items and recorded telephone calls in which defendant was heard asking for the names of individuals involved in his case so he could make them pay for talking to law enforcement, it is hard to imagine what counsel could have done for defendant. It is not necessary to try to conceive of possibilities: it is defendant's burden to

4

show that his counsel's performance fell below the minimum standard required of defense counsel under Strickland v. Washington, 466 U.S. 668 (1984). "The defendant pressing a sixth amendment claim has the heavy burden of affirmatively establishing that counsel's performance was constitutionally deficient and that the deficiency prejudiced the outcome of the trial. United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1133 (7th Cir. 1990) (citing Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990)). To prove inadequate performance, defendant must show that his counsel committed serious errors that fall "outside the wide range of professionally competent assistance." Id. (quoting Strickland, 466 U.S. at 690). By not identifying anything that defense counsel could have done to persuade the government to offer more benefits to defendant to obtain a plea agreement, defendant has not met his burden. Hardamon v. United States, 319 F.3d 843, 851 (7th Cir. 2003) (petitioner alleging ineffectiveness of counsel on basis of failure to investigate has burden of showing court what investigation would have produced); Key v. United States, 806 F.2d 133 (7th Cir. 1986) (petitioner alleging that counsel made promises to him must support allegations with specific terms of alleged promises, when, where and by whom such promises were made and precise identity of any witnesses to promise). Simply saying that counsel could have negotiated a more favorable plea agreement is insufficient to allow defendant to pursue this claim.

Defendant's second claim of alleged ineffectiveness fares no better. His counsel had

5

no ground on which to persuade the government not to dwell on defendant's prior crimes. Those crimes were very much a part of who defendant was and what kind of sentence would be reasonable and necessary to achieve protect the community. Defendant says it was double counting to talk about the prior crimes because they had been included in his criminal history score, but he is wrong. The criminal history score determined the guideline range; it did not restrict the sentencing judge from deciding whether to sentence within that range, below it or above it. The number of prior crimes and their nature were relevant to that decision.

Even if counsel had persuaded the government to say nothing about the prior crimes, the outcome at sentencing would not have changed because I could have considered them in any event. They were part of the presentence report and an important indicator of the likelihood that defendant would commit more crimes in the future.

Finally, defendant faults his counsel for not arguing to the sentencing court that it could ignore the sentencing guidelines for crack and powder cocaine if it believed that the disparities in sentences between the two forms of cocaine were inequitable. Solely for the purpose of deciding this claim, I will assume that counsel fell short in this regard. Even so, defendant has not shown that counsel was ineffective in this regard. Establishing the constitutional ineffectiveness of counsel requires showing both that counsel's representation fell below the minimum standard *and* that the defendant was prejudiced by the shortcoming.

6

Defendant cannot make the second showing because it would have made no difference to defendant's sentence had counsel anticipated the holding in Kimbrough.  As I stated at defendant's resentencing, I would have given defendant the same sentence I gave him (480 months) even taking Kimbrough into consideration.

Defendant argues that he is entitled to be resentenced under the Fair Sentencing Act of 2010, but he is not eligible for resentencing under the Act.  It is not retroactive, but applies only to crimes committed after August 3, 2010.

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability.  The law does not support defendant's arguments that his counsel was ineffective or that he should be resentenced as if his crime had involved only powder cocaine and not crack cocaine. Because reasonable jurists would not disagree about this conclusion,  I must deny defendant's request for a certificate of appealability.  Under Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

ORDER

IT IS ORDERED that defendant Jerome G. Hughes's motion for post conviction

relief under 28 U.S.C. § 2255 is DENIED.

Entered this 7th day of October, 2010.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge